## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                                   CHAPTER 7

BRUCE W. CLIFFORD                                        CASE NO. 0501472EE
MARGARET C. CLIFFORD


EAST CENTRAL PLANNING &
DEVELOPMENT DISTRICT, INC.

VS.                                                              ADVERSARY NO. 060086EE

BRUCE W. CLIFFORD


Hon. Michael M. Louvier                                          Attorney for Debtors
P. O. Box 1375
Brandon, MS  39043-1375

Hon. Jeff D. Rawlings                            Attorney for East Central Planning
P. O. Box 1789                                            & Development District, Inc.
Madison, MS 39130-1789

Edward Ellington, Judge


## FINDINGS OF FACT AND CONCLUSIONS
## OF LAW ON THE *COMPLAINT TO DETERMINE*
## *DISCHARGEABILITY OF DEBT AND OBJECTING TO DISCHARGE*

**THIS MATTER** came on for trial on the *Complaint to Determine Dischargeability of Debt*

*and Objecting to Discharge* filed by East Central Planning & Development District, Inc., and the

*Response to Complaint to Determint (sic) Dischargeability of Debt and Objecting to Discharge* filed

by the Debtor, Bruce W. Clifford.  Having considered the pleadings, briefs, testimony and exhibits

at trial, the Court finds that the complaint is not well taken and should be denied.

## FINDINGS OF FACT

In May of 2001, Bruce W. Clifford (Debtor) met with representatives of East Central Planning & Development District, Inc. (East Central) for the purpose of obtaining a loan in the amount of $100,000.00 for MS Law Enforcement K-9 Academy, Inc. In conjunction with the loan application, the Debtor gave East Central a financial statement titled: *Bruce W. and Margaret A. Clifford Personal Financial Statement as of June 30, 2000* (2000 Financial Statement).

On March 21, 2003, the Debtor, as treasurer of MS Law Enforcement K-9 Academy, Inc., signed a *Promissory Note and Security Agreement.* As security for the note, the Debtor gave East Central a security interest in stock of Discount Groceries, Inc., liens on certain real and personal property, and a lien on five registered drug dogs. In addition, on March 21, 2003, the Debtor gave East Central a personal guaranty.

On March 21, 2005, the Debtor and his wife, Margaret C. Clifford[1], filed a petition under Chapter 7 of the United States Bankruptcy Code. On May 12, 2006, East Central commenced the above styled adversary proceeding against the Debtor[2] by filing its *Complaint to Determine Dischargeability of Debt and Objecting to Discharge* (Complaint). In its Complaint, East Central alleges that the Debtors' 2000 Financial Statement was materially false, and therefore, the Debtor's

---

[1]The petition filed by the Debtors shows Mrs. Clifford's middle initial as *C.* However, the Debtors' financial statements show Mrs. Clifford's middle initial as *A.* The Court is unclear as to which is correct.

[2]While a joint petition was filed by Bruce and Margaret Clifford, this adversary proceeding was filed only against Bruce Clifford. Therefore, for purposes of this opinion, the term *Debtor* will refer to Mr. Clifford only.

2

debt to East Central should be declared nondischargeable pursuant to 11 U. S. C. § 523(a)(2)(B)[3] and

that the Debtor's discharge should be denied pursuant to § 727(a)(4) for his failure to list assets.  In

his *Response to Complaint to Determint (sic) Dischargeability of Debt and Objecting to Discharge,*

the Debtor denies that East Central is entitled to the relief requested.

On December 14, 2007, the adversary proceeding was tried before this Court. At the

conclusion of the testimony, the Court instructed the parties to submit briefs and to be "very specific

about what it is . . .you know under 523 and 727 all those elements, you have to prove each one, and

you need to tie that very closely to the testimony and the schedules that were filed here."  Transcript

of Record at 16, (December 14, 2007).

On February 29, 2008, East Central filed its *Plaintiff's Brief.*  In its brief, East Central asserts

that it met its burden under § 727(a)(4), and therefore, the Debtor should be denied a discharge.

Conversely, as to its request to deny the dischargeability of its debt pursuant to § 523(a)(2)(B), East

Central's brief is silent.  East Central does not present any argument or cite any cases in support of

its § 523(a)(2)(B) objection.

In response to East Central's brief, the Debtor filed his *Defendant's Post Trial Brief* on

March 28, 2008.  In his brief, the Debtor asserts that the complaint should be dismissed or judgment

granted in the Debtor's favor as East Central has totally failed to meet its burden under § 727(a)(4).

Similar to East Central, the Debtor does not address § 523(a)(2)(B) in his brief.[4]

---

[3]Hereinafter, all code sections refer to the Bankruptcy Code found at Title 11 of the United States Code unless specifically noted otherwise.

[4]The *Scheduling Order* gave East Central until April 29, 2008, to file a rebuttal brief.  On April 30, 2008, East Central filed a one-page pleading styled *Plaintiff's Reply to Defendant's Post Trial Brief* in which East Central simply restates its contention that it has met its burden.  The Court considered this brief but will note that this pleading was not properly signed or dated.

## CONCLUSIONS OF LAW

### I.

This Court has jurisdiction of the subject matter and of the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I) and (J).

### II.

#### A. § 727(a)(4)(A)

In its pleadings, East Central cites § 727(a)(4) only. However, the Court notes that there are four separate subsections under § 727(a)(4). Since East Central cites cases which address a false oath or account, the Court will address subsection (A) of § 727(a)(4) only.

Section 727(a)(4)(A) provides in part:

> **§ 727. Discharge**
>
> (a) The court shall grant the debtor a discharge, unless–
>
>     . . . .
>
>     (4) the debtor knowingly and fraudulently, in or in connection with the case–
>
>         (A) made a false oath or account; . . . .

11 U. S. C. § 727(a)(4)(A).

In order to prevail under § 727(a)(4)(A), "the objecting party has the burden of proving that (1) the debtor made a false statement under oath; (2) the statement was false; (3) the debtor knew the statement was false: (4) the debtor made the statement with fraudulent intent; and (5) the statement was material to the bankruptcy case. *In re Beaubouef,* 966 F.2d 174, 178 (5th Cir. 1992)."

4

*Sholdra v. Chilmark Financial LLP (In re Sholdra),* 249 F.3d 380, 382 (5th Cir. 2001).

"The objecting party must show by a preponderance of the evidence that the debtor made a false oath or account with either the intent to defraud or with reckless indifference to the truth.  *In re Sholdra,* 249 F.3d 380, 382 (5th Cir. 2001); *Grogan v. Garner,* 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)."  *Comerica Bank V. Rajabali (In re Rajabali),* 365 B.R. 702, 714 (Bankr. S.D. Tex. 2007).  Such a determination of fraudulent intent or reckless indifference to the truth can be proven by circumstantial evidence.  *Beaubouef,* 9656 F.2d at 178.

"Such false oaths sufficient to justify the denial of discharge include '(1) a false statement or omission in the debtor's schedules or (2) a false statement by the debtor at the examination during the course of the proceedings.'  *Beaubouef v. Beaubouef (In re Beaubouef), 966 F.2d 174, 178 (5th Cir. 1992)(quoting 4  5 Collier on Bankruptcy ¶ 727.04[1] (15th Ed. 1992))."  *In re Rajabali,* 365 B.R. at 714.

At the trial, East Central introduced into evidence an April 30, 2002, financial statement titled, *Bruce W. & Margaret A. Clifford Personal Financial Statement as of April 30, 2002,* (2002 Financial Statement).  The Debtors had given the 2002 Financial Statement  to another creditor, and East Central had obtained a copy of it.  After comparing the 2002 Financial Statement with the Debtors' bankruptcy schedules,  East Central contends that the Debtor failed to list five assets which were on the 2002 Financial Statement in his bankruptcy schedules, namely:  (1) a 1999 Honda Goldwing 1500 motorcycle; (2) an interest in Clifford's Accounting; (3) an interest in Clifford & Lee, Inc.; (4) an interest in Group Investments, Inc.; and (5) an interest in Land-C (collectively, Assets).

In support of its contention, East Central relies upon the Debtor's testimony at trial.  At the

5

trial, the attorney for East Central, Jeff D. Rawlings, asked the Debtor about these Assets.  The

Debtors' attorney, Michael M. Louvier, stipulated that the 1999 Goldwing motorcycle and Clifford's

Accounting were not listed in the Debtors' schedules.[5]  Mr. Rawlings also asked the Debtor about

his interest in Clifford & Lee, Inc.  The Debtor responded that his interest in Clifford & Lee, Inc. was

the rental property listed on his schedules.[6]  As for the last two assets, the interest in Group

Investments, Inc. and Land-C, the Debtor acknowledged that they were not listed in his schedules.[7]

East Central contends that this testimony proves "by a preponderance of the evidence that the debtor

made a false oath or account with either the intent to defraud or with reckless indifference to the

truth,"[8] and therefore, the Debtor's discharge should be denied pursuant to § 727(a)(4)(A).

       As stated previously, East Central had the burden of proving that (1) the Debtor made a false

statement under oath; (2) the statement was false; (3) the Debtor knew the statement was false: (4)

the Debtor made the statement with fraudulent intent; and (5) the statement was material to the

bankruptcy case.  *Beaubouef,* 9656 F.2d at 178.  The Court finds that East Central has not met this

burden.

       The Court acknowledges that the Debtor's testimony did appear to raise a question as to

whether some of or all of the Assets which were listed on the 2002 Financial Statement should have

been listed on his schedules.  However, East Central failed to prove by a preponderance of the

evidence that the Debtor was required to list these Assets because he owned them at the time he filed

---

[5]Transcript of Record at 6, (December 14, 2007).

[6] Transcript of Record at 10-11, (December 14, 2007).

[7] Transcript of Record at 11, (December 14, 2007).

[8] *In re Sholdra,* 249 F.3d at 382.

6

his petition in 2005.

At the trial, the Debtor did admit that some of the items on the 2002 Financial Statement were not listed in his bankruptcy schedules. However, East Central offered no proof that at the time the Debtor filed his petition he owned any of these Assets, and therefore, was required to list them on his schedules. For instance, if East Central had produced the certificate of title on the motorcycle which showed that the Debtor owned the motorcycle at the time of filing or if East Central had produced deeds of trust for real property which showed that the Debtor held an interest in the property at the time he filed his petition, then East Central would have met its burden of showing that the Debtor made a false oath. However, the only proof East Central submitted was a financial statement which was dated almost three years before the Debtors filed bankruptcy in 2005. That in itself is not enough for East Central to meet its burden under § 727(a)(4)(A).

In addition, there was no evidence presented at trial to establish by a preponderance of the evidence that the Debtor failed to list these Assets with fraudulent intent or reckless indifference to the truth. "While intent may be inferred from circumstantial evidence, the Court finds that the evidence before this Court does not support a finding of fraudulent intent. . . ." *In re Rajabali,* 365 B.R. at 716. Likewise, the Court finds that East Central has failed to meet its burden, and therefore, East Central's objection to the Debtor's discharge pursuant to § 727(a)(4)(A) is not well taken and should be denied.

### B. § 523(a)(2)(B)

In its complaint, East Central alleges that its debt should be declared nondischargeable pursuant to § 523(a)(2)(B) because the Debtors' 2000 Financial Statement was materially false. However, in its brief, East Central does not address its § 523(a)(2)(B) objection. Therefore, the

Court finds that East Central has not met its burden and that its objection to dischargeability of its debt pursuant to § 523(a)(2)(B) is not well taken and should be denied.

## CONCLUSION

In order to prevail under § 727(a)(4)(A), the movant must prove by a preponderance of the evidence that a debtor knowingly made a false statement under oath, that the statement was made with fraudulent intent, and that the statement was material to the bankruptcy case. East Central has failed to meet this burden. Therefore, East Central's complaint is not well taken and should be denied.

A separate judgment consistent with this opinion will be entered in accordance with Rules 7054 and 9021 of the Federal Rules of Bankruptcy Procedure.